IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| In re:<br><br>**PERRY MATTHEW DARBY,**<br><br>Debtor. | Case No. 21-17203 (DER)<br><br>Chapter 7 |

**UNITED STATES OF AMERICA'S OPPOSITION TO MOTION TO DETERMINE SECURED STATUS OF THE INTERNAL REVENUE SERVICE'S PROOF OF CLAIM #3 PURSUANT TO 11 U.S.C. § 542**

The United States of America, on behalf of the Internal Revenue Service (the "IRS"), through its counsel, Erek L. Barron, United States Attorney for the District of Maryland, and Alan C. Lazerow, Assistant United States Attorney for that district, files this Opposition the *Motion to Determine Secured Status of the Internal Revenue Service's Proof of Claim #3 Pursuant to 11 U.S.C. § 542* (the "Motion").

1. On December 23, 2021, the IRS filed Proof of Claim No. 3-1 (the "IRS Claim"), in the total amount of $1,570,973.25, $1,355,637.09 of which the IRS contends is secured and $215,336.16 of which the IRS contends is unsecured. In the IRS Claim, the IRS maintains that $206,487.44 of the unsecured portion is entitled to priority under section 507(a)(8) of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2. On June 12, 2023, Perry Matthew Darby (the "Debtor") filed the Motion, asking for the entry of an order "rendering the status of Claim #3 judicial liens for the years 2015, 2016 and 2017 pursuant to § 542 of the Bankruptcy Code to general unsecured claims …." Motion, at p. 3. As the Debtor's argument goes, because the IRS filed Notices of Federal Tax Liens ("NFTLs") within ninety days before the Debtor's petition date, the IRS "improved its status and

pursuant to 11 USC § 542 must be reversed from secured liens to general unsecured debt." *Id.* ¶ 5. The Court should deny the Motion for two separate reasons.

3. *First*, the Debtor puzzlingly cites section 542 of the Bankruptcy Code in support of the relief he seeks. Section 542 involves turnover of property of the estate. As one bankruptcy court recently explained:

> Under § 542(a), the following elements must be demonstrated to require an entity to turnover property of the estate or its value: (1) during the case, (2) an entity other than a custodian, (3) was in possession, custody or control of property that a trustee could use, sell, or lease under 11 U.S.C. § 363 or that a debtor may exempt under 11 U.S.C. § 522, and (4) that such property is not of inconsequential value or benefit to the estate.

*Altman v. Nations Auto (In re Altman)*, 647 B.R. 148, 150 (Bankr. D.S.C. 2022). Plaintiff does not allege that the IRS is in "possession, custody or control" of property of the Debtor's estate. Section 542 has no bearing on this matter and the Court could deny the Motion on that basis.

4. *Second*, any claim that the Debtor makes that the IRS's filing of NFTLs within the ninety days before the Debtor's petition date is a preferential transfer under section *547(b)* of the Bankruptcy Code similarly fails. Under section 547(c)(6) of the Bankruptcy Code, a party "may not avoid [as a preference] … a transfer that is the fixing of a statutory lien that is not avoidable under section 545 …." Thus, "[a] tax lien may not be avoided under [section] 547(b) if it is not avoidable under [section] 545(2)." *In re Filipovits*, No. 94-5-8134, 1995 WL 724520, at *1 (Bankr. D. Md. Sept. 20, 1995); *see also In re Burr*, No. 06-76161, 2007 WL 7138346, at *2 (Bankr. N.D. Ga. Apr. 10, 2007) ("[A] statutory lien must be avoidable under § 545 to be avoided as a preference under § 547."). The lien at issue here—a federal tax lien—is a statutory lien. *See In re Filipovits*, 1995 WL 724520, at *1 ("A tax lien is a statutory lien; and it is not a judicial lien."); *see also In re Motion Mktg. Sols., Inc.*, 403 B.R. 403, 408 (Bankr. N.D. Tex. 2009) ("There can be no dispute that a tax lien assessed under IRC § 6321 falls within the Code's definition of a

statutory lien.").

5. Section 545 of the Bankruptcy Code lists the situations in which a statutory lien may be avoided. The Debtor does not allege that he has satisfied any of the situations enumerated in section 545, and none applies. Numerous courts addressing our precise question—whether the perfection of an IRS lien by filing an NFTL within ninety days of a debtor's petition date is an avoidable preference under section 547(b)—have answered that question in the negative. *See In re Burr*, 2007 WL 7138346, at *2 (holding that a federal tax lien "does not fall within any of the circumstances in which a statutory lien may be avoided as set forth in § 545" and because "the subject lien is not avoidable pursuant to § 545," it "cannot be avoided as a preference pursuant to § 547"); *In re Carolina Resort Motels, Inc.*, 51 B.R. at 449-51 (Bankr. D.S.C. 1985) (holding that the trustee could not avoid, under section 547(b), a federal tax lien, where "at the commence of the case … , the tax lien, i.e. statutory lien, of the IRS was perfected as against a bona fide purchaser"); *In re Motion Mktg. Sols., Inc.*, 403 B.R. at 408 (holding that where "the IRS filed its notice … and thus holds a properly perfected statutory lien pursuant to IRC § 6323(a)," "according to the plain language of the Code, the IRS has a lien that is not avoidable under Code § 545(2)," and "[b]ecause the IRS's lien fulfills the only requisite to exemption from avoidance pursuant to section 547(c)(6), the plain language of the Code … provide[s] that the IRS's lien is exempt from the Trustee's power to avoid preferential transfers"). The Court should reach the same conclusion here: because the IRS's tax lien is not avoidable under section 545, it is not avoidable under section 547(b).

WHEREFORE, the IRS requests that the Court deny the Motion.

                Respectfully submitted,

                Erek L. Barron
                United States Attorney

By: _____/s/_____
                Alan C. Lazerow (Bar No. 29756)
                Assistant United States Attorney
                36 S. Charles St., 4th Floor
                Baltimore, Maryland 21201
                (410) 209-4800
                Alan.Lazerow@usdoj.gov

                *Counsel for the United States of America*

## CERTIFICATE OF SERVICE

I certify that on this 20th day of June, 2023, reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing will be served electronically by the Court's CM/ECF system on the following:

- **Charles R. Goldstein    trustee@3cubed-as.com, MD13@ecfcbis.com**
- **Robert Grossbart    robert@grossbartlaw.com, debra@grossbartlaw.com**
- **Alan Carl Lazerow    Alan.Lazerow@usdoj.gov, Colleen.Nardi@usdoj.gov**
- **Keith M. Lusby    klusby@gebsmith.com**
- **Dorothy Carol Sasser    dsasser@siwpc.com, bkreferrals@siwpc.com;siwbkecf@siwpc.com;siwpc@ecf.courtdrive.com;siwattecf@siwpc.com**
- **Dennis J. Shaffer    dshaffer@wtplaw.com, kmccruden@wtplaw.com;pbowling@wtplaw.com**
- **Brent C. Strickland    bstrickland@wtplaw.com, mbaum@wtplaw.com**
- **Jacob Christian Zweig    jzweig@evanspetree.com, crecord@evanspetree.com**

                        /s/
                        Alan C. Lazerow
                        Assistant United States Attorney