# **<u>Exhibit A</u>**

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement"), dated this 11th day of July, 2023, is entered into between Charles R. Goldstein (the "Trustee") and Perry Matthew Darby ("Mr. Darby" or the "Debtor"), regarding the resolution of certain issues concerning the continued operation of the Darby Law Group (the "Debtor's Firm") and other related matters involving the bankruptcy estate of Mr. Darby (the "Estate").

WHEREAS, on November 15, 2021 (the "Petition Date"), Mr. Darby filed bankruptcy in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court") under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code") (Case No. 21-17203), which Bankruptcy Case was since converted to Chapter 7 of the Bankruptcy Code;

WHEREAS, the Trustee was appointed as the chapter 7 trustee for the Debtor's bankruptcy case;

WHEREAS, the Debtor is an attorney, and as of the Petition Date owned and operated his own law firm, the Darby Law Group, LLC (the "Darby Law Group");

WHEREAS, prior to the Petition Date, the Debtor was previously employed by Berman, Sobin, Gross, Feldman and Darby, LLP (the "Former Firm");

WHEREAS, certain clients of the Former Firm were subsequently represented by the Darby Law Group;

WHEREAS, prior to the Petition Date, the Former Firm entered into a separation agreement with the Debtor related to the Debtor's pre-petition employment with the Former Firm (the "Separation Agreement");

WHEREAS, pursuant to the Separation Agreement, the Debtor is scheduled to receive certain payments (the "Separation Payments") from the Former Firm which are property of the Debtor's Estate;

WHEREAS, the Trustee has collected a portion of the Separation Payments to date and anticipates collecting an additional $262,856 pursuant to the Separation Agreement;

WHEREAS, prior to the Petition Date and thereafter, the Debtor has been involved in a divorce proceeding with the Debtor's now ex-wife ("Mrs. Darby"), styled as *Wendy Darby v. Perry Mathew Darby*, Case No. C-03-FM-20-001684, pending in the Circuit Court of Maryland for Baltimore County (the "Circuit Court");

WHEREAS, in relation to the divorce proceeding, the Circuit Court ordered, among other things, that the Debtor make certain alimony payments to Mrs. Darby (the "Alimony Payments");

WHEREAS, the Debtor's ex-wife has since sought judicial intervention in both the Bankruptcy Court and the Circuit Court with respect to the Debtor's failure to make certain Alimony Payments;

WHEREAS, the Internal Revenue Service (the "IRS") initiated an action against the Debtor and Mrs. Darby for the non-payment of income taxes that resulted in a lien against their former residence (the "Tax Lien");

WHEREAS, the former residence of the Debtor and Mrs. Darby was sold, with the net proceeds of the sale being partially paid to the IRS in satisfaction on the Tax Lien and to the Debtor's Estate, and the remaining $76,960.10 (the "IRS Escrow Funds") being held in escrow by the Trustee;

WHEREAS, Mrs. Darby has asserted an "innocent spouse" defense in an effort to absolve any liability on her behalf on the IRS tax debt, which issue is presently on appeal with the IRS;

WHEREAS, the Trustee and the Debtor have engaged in lengthy discussions as to what is property of the Debtor's Estate, how creditors will be paid from such assets, and what non-Estate assets may be available for the Debtor to satisfy his personal obligations, including the Alimony Payments;

WHEREAS, the Trustee and the Debtor have engaged in arm's length negotiations to resolve the foregoing issues;

WHEREAS, the Trustee and the Debtor have reached a resolution on the issues described herein as well as the continued operation of the Darby Law Group for the benefit of both the Estate and the Debtor; and

WHEREAS, the terms of such resolution are set forth below.

IT IS HEREBY AGREED:

1. <u>Settlement Payment</u>:  The Debtor shall pay three-hundred three thousand one-hundred dollars ($303,100) (the "Settlement Payment") to the Trustee on the following payment schedule, and as more fully set forth in the attached **Exhibit A**:

    a. A one-time payment of fifty thousand dollars ($50,000), which payment has been received by the Trustee;
    b. A one-time payment of three-thousand nine-hundred dollars ($3,900) to be made on or before May 1, 2025; and
    c. Twenty-eight (28) consecutive monthly payments of eight-thousand nine-hundred dollars ($8,900) each, to be made on the first of the month beginning on June 1, 2025 and ending on September 1, 2027.

2. <u>Prepayment Discount</u>:  Upon the making of a payment by the Debtor to the Trustee, other than the first payment to be made pursuant to Section 1.a. herein, in the amount of $50,000

or greater, the Trustee shall reduce the total amount of the Settlement Payment owed by an additional amount equal to the amount of 10% of the payment made. For example, in the event that the Debtor makes a payment in the amount of $55,000 in advance of the amounts due pursuant to Sections 1.b. and 1.c. herein, the total amount of the balance due of the Settlement Payment will be reduced by $60,500 ($55,000 payment plus 10% discount of $5,500).

3. <u>Separation Payments and Other Funds from Prior Firm are Property of the Estate</u>: The Separation Payments already received by the Trustee shall remain with the Trustee as property of the Debtor's estate. The remainder of the Separation Payments shall be received by the Trustee as property of the Debtor's Estate. Any other funds determined to be due to the Debtor from the Prior Firm are property of the estate, and in the event said funds are paid to the Debtor, the Debtor shall immediately pay said funds over to the Trustee.

4. <u>Additional Revenue Generated by Darby Law Group</u>: The remaining revenue generated by the Darby Law Group over and above the funds necessary to satisfy the periodic payments of the Settlement Payment may be used by the Debtor to pay himself a salary, cover the operating expenses of the firm and make alimony payments.

5. <u>Quarterly and Other Financial Reporting to Trustee</u>: While amounts remain due and owing under this Agreement, the Debtor shall provide financial information to the Trustee on a quarterly basis which shall be provided to the Trustee no later than the 20th day following the quarter-end and which information shall include the following:

   a. Profit and loss statement for the Darby Law Group.
   b. Balance sheet for the Darby Law Group.
   c. Copies of all bank statements and statements for all other financial accounts for the Darby Law Group.
   d. Other information that may be requested by the Trustee.

6. While amounts remain due and owing under this Agreement, the Debtor shall also provide to the Trustee a copy of all tax returns and tax return extension requests when filed by the Debtor. Tax returns and extension requests shall be provided to the Trustee within 20 days after the due date or after the document is filed, whichever is earlier.

7. <u>IRS Escrow Funds Distribution</u>: Upon a final determination by the IRS or a court of competent jurisdiction with respect to the innocent spouse defense asserted by Mrs. Darby, and such written determination received by the Trustee: (i) in the event that the ruling is in favor of Mrs. Darby, the IRS Escrow Funds will be paid over to Mrs. Darby; or (ii) in the event that the IRS rules against Mrs. Darby, the IRS Escrow Funds will be paid over to the IRS.

8. <u>Understanding and Counsel</u>: The Parties represent and warrant that (i) they have read and understand the terms of this Agreement, (ii) they have been represented by counsel with respect to this Agreement and all matters covered by and relating to it, and (iii) they have entered

into this Agreement for reasons of their own and not based upon representations of any other party hereto.

9. <u>Legal Fees and Costs</u>: Each of the Parties will pay its own respective costs and attorneys' fees incurred with respect to the negotiation and drafting of this Agreement.

10. <u>Entire Agreement</u>: This Agreement constitutes the entire agreement with respect to the subject matter addressed herein and supersedes any prior written and/or verbal agreements between the Parties.

11. <u>Amendments</u>: This Agreement may not be orally modified. This Agreement may only be modified in a writing signed by all of the Parties.

12. <u>Headings</u>: All headings and captions in this Agreement are for convenience only and shall not be interpreted to enlarge or restrict the provisions of the Agreement.

13. <u>Construction</u>: As used herein, the plural shall include the singular, and the singular shall include the plural, unless the context or intent indicates to the contrary. "Person" shall include natural persons, corporations, partnerships, and/or any other entity which by law is treated as or has the rights of a natural person.

14. <u>Waiver and Modification</u>: The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the covenants of this Agreement, or to exercise any option herein contained, shall not be construed as a waiver, or a relinquishment for the future of such covenant or option, but the same shall continue and remain in full force and effect.

15. <u>Jurisdiction</u>: By this Agreement, each of the Parties agrees that the Bankruptcy Court retains jurisdiction for any action to enforce or interpret this Agreement.

16. <u>Counterparts and Facsimile Signatures</u>: This Agreement may be executed in counterparts and all such counterparts when so executed shall together constitute the final Agreement as if one document had been signed by all of the Parties. This Agreement may be executed by facsimile copy and each signature thereto shall be and constitute an original signature, again as if all Parties had executed a single original document.

17. <u>Actions to Enforce</u>: Should any action be brought by one of the Parties to enforce any provision of this Agreement, the non-prevailing party to such action shall reimburse the prevailing party for all reasonable attorneys' fees and court costs and other expenses incurred by the prevailing party in said action to enforce.

18. <u>Maryland Law</u>: This Agreement shall be construed and interpreted in accordance with the laws of the State of Maryland, without giving effect to principles of conflicts of laws that would require the application of the laws of another jurisdiction, and applicable bankruptcy law.

19. <u>Agreement Subject to Bankruptcy Court Approval</u>: The Parties acknowledge and agree that this Agreement is subject to approval by the Bankruptcy Court.

**Agreed:**

_____   Date: 7/12/23
Charles R. Goldstein, Trustee

_____   Date: 7/11/23
Matthew Perry Darby, Debtor

*12916549*