IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| **In re:** | * | |
| **PERRY MATHEW DARBY,** | * | Case No. 21-17203 (DER) |
| **Debtor.** | * | Chapter 7 |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CHAPTER 7 TRUSTEE'S MOTION TO APPROVE
MODIFICATION OF SETTLEMENT WITH DEBTOR**

Charles Goldstein, the Chapter 7 Trustee (the "Trustee") in the chapter 7 case of the above-captioned debtor and debtor-in-possession (the "Debtor"), by counsel, hereby files his *Motion to Approve Modification of Settlement with Debtor* (the "Motion") and, in support thereof, respectfully represents as follows:

**Introductory Statement**

By Order dated August 1, 2023, the Court approved a settlement agreement (the "Settlement Agreement") by and between the Trustee and the Debtor (Dkt. 103). The Settlement Agreement required that the Debtor pay to the Trustee two (2) one-time payments of $50,000 and $3,900, respectively, followed by twenty-eight (28) monthly payments in the amount of $8,900 with the final payment due on September 1, 2027. The Debtor timely paid the initial payment of $50,000. The remaining amount due under the Settlement Agreement is $253,000. By this Motion, the Trustee seeks approval to modify the settlement by having the Debtor make an immediate final lump sum payment of $175,000 in full and final satisfaction of the amounts due under the Settlement Agreement. This modification will allow the Trustee to promptly fund distributions to creditors and complete the administration of this case in short order, rather than waiting until 2027

1

as provided under the original settlement. In addition, the immediate payment of the lump sum in lieu of future payment stream provides substantially the same economic consideration to the estate as the purported multiple year payout, without the attendant risk of future defaults or difficulty in collections. As a result, the Trustee believes that this modification is in the best interests of creditors. Moreover, the Internal Revenue Service is the largest creditor of the Debtor's Estate and has approved the requested modification.

### Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

2. The relief sought in this Motion is based on section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Factual Background

3. On November 15, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. The Debtor's case was converted to Chapter 7 on December 16, 2021.

4. The Trustee was appointed herein on December 17, 2021.

5. The Debtor is an attorney and, as of the Petition Date, owned and operated his own law firm, the Darby Law Group, LLC (the "Darby Law Group").

6. Prior to the Petition Date, the Debtor was previously employed by Berman, Sobin, Gross, Feldman and Darby, LLP (the "Former Firm"). Certain clients of the Former Firm were subsequently represented by the Darby Law Group.

7. Prior to the Petition Date, the Former Firm entered into a separation agreement with the Debtor related to the Debtor's pre-petition employment with the Former Firm (the "Separation Agreement"). Pursuant to the Separation Agreement, the Debtor is scheduled to receive certain payments (the "Separation Payments") from the Former Firm which are property of the Debtor's Estate and have been collected by the Trustee.

8. Prior to the Petition Date and thereafter, the Debtor has been involved in a divorce proceeding with the Debtor's now ex-wife ("Mrs. Darby"), styled as *Wendy Darby v. Perry Mathew Darby*, Case No. C-03-FM-20-001684, pending in the Circuit Court of Maryland for Baltimore County (the "Circuit Court"). In relation to the divorce proceeding, the Circuit Court ordered, among other things, that the Debtor make certain alimony payments to Mrs. Darby (the "Alimony Payments"). The Debtor's ex-wife has since sought judicial intervention in both the Bankruptcy Court and the Circuit Court with respect to the Debtor's failure to make certain Alimony Payments.

9. Issues arose during the case as to what constitutes property of the Debtor's Estate, how creditors will be paid from assets of the Estate, and what non-Estate assets may be available for the Debtor to satisfy his personal obligations, including the Alimony Payments.

10. The Trustee and the Debtor engaged in arm's length negotiations to resolve the disputes, resulting in the Settlement Agreement that was approved by the Court.

11. By this Motion, the Trustee seeks approval to modify the settlement by having the Debtor make a final lump sum payment of $175,000 in full and final satisfaction of the Debtor's obligations under the Settlement Agreement. This modification will allow the Trustee to fund distribution to creditors and complete the administration of this case in short order, rather than waiting until 2027 as provided under the original settlement.The Trustee believes that this

modification is in the best interests of creditors.

**<u>Applicable Standard</u>**

12. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order . . . necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." In turn, Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

13. As a matter of policy, Bankruptcy Rule 9019(a) grants courts broad authority to consider and approve compromises and settlements involving the debtor and the bankruptcy estate. See, e.g., Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968) ("[I]n administering reorganization proceedings in an economical and practical manner, it will often be wise to arrange the settlement of claims to which there are substantial and reasonable doubts"); United States ex rel. Rahman v. Oncology Assoc., P.C., et al., 269 B.R. 139, 149 (D. Md. 2001) ("Settlements are to be encouraged, and it should not be the intention of a court to discourage settlements"). Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the bankruptcy court. In re Michael, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

14. Approval of a compromise under Rule 9019(a) is appropriate when the compromise is fair, equitable, and in the best interests of the debtor's estate. See, e.g., TMT Trailer Ferry, 390 U.S. at 424; Rahman, 269 B.R. at 150 ("A settlement should be approved if it provides for the best possible realization upon available assets . . . without undue waste or needless or fruitless litigation") (quoting In re Bowman, 181 B.R. 836, 847 (Bankr. D. Md. 1995)). In general, compromises in the bankruptcy context should be approved unless they "are unreasonable." See Rahman, 269 B.R. at 149 ("A court may approve a settlement over objections unless the proposed

settlement falls below the lowest point in the range of reasonableness") (internal quotations omitted).

16. The Trustee submits that the requested modification of the Settlement Agreement represents an appropriate exercise of its business judgment and is fair, reasonable, and in the best interests of the Debtor, his estate, and creditors.

16. The Trustee submits that the proposed modification to the Settlement Agreement reflects a sound exercise of his business judgment and that such settlement falls well within the range of reasonableness required for its approval. Pursuant to Local Rule 9013-2, the Trustee will not be filing a separate memorandum with respect to this Motion but relies solely upon the grounds and authorities set forth in the Motion.

WHEREFORE, the Trustee respectfully requests that the Court approve the Modified Settlement Agreement and grant such other relief as this Court may deem just and proper.

    WHITEFORD, TAYLOR & PRESTON L.L.P.

By: */s/ Brent C. Strickland*
Brent C. Strickland  (Bar No. 22704)
8830 Columbia, MD 21045
Columbia, MD 21045
Phone: (410) 347-9402
bstrickland@whitefordlaw.com
*Special Litigation Counsel*
*for Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2025, a copy of the foregoing was served via the Court's CM/ECF system to all parties requesting service.

                                        */s/ Brent C. Strickland*
                                        Brent C. Strickland